IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | Bankruptcy No. 13-24775-CMB |
| ) | |
| Frank Bonidie and ) | Chapter 7 |
| Louise Bonidie, ) | |
|     Debtors, ) | Related to Doc. No. 22 |
| ) | |
| Frank Bonidie and Louise Bonidie, ) | |
|     Movants, ) | |
| ) | |
|     vs. ) | |
| ) | |
| Pv & JC DeBlasio, a Pennsylvania ) | |
| Business Trust and Laurel Hill ) | |
| Development, a Pennsylvania ) | |
| Business Trust, ) | |
|     Respondents. ) | |

*Appearances:*  Francis E. Corbett, Esq., for Debtors/Movants
                  Jack P. Bock, III, Esq. for Respondents

**MEMORANDUM OPINION**

The matter before the Court is the *Debtors' Motion to Avoid Lien* ("Motion") filed by Movants-Debtors, Frank Bonidie and Louise Bonidie ("Debtors"), wherein Debtors seek to avoid Respondents' judicial lien pursuant to 11 U.S.C. §522(f)(1).[1]

---

[1] This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(K), and the Court will enter final judgment. However, if the United States District Court determines pursuant to the rationale set forth in *Stern v. Marshall*, 131 S.Ct. 2593 (2011), that this Court does not have the authority to enter final judgment, then the Memorandum Opinion and Order entered shall constitute the Court's proposed findings of fact and conclusions of law and recommendation to the District Court.

Procedural History & Findings of Fact

Debtors commenced the within bankruptcy case by filing a petition under Chapter 7 of the Bankruptcy Code on November 12, 2013, and completed their bankruptcy schedules on December 9, 2013. On Debtors' Schedule A, Debtors listed an interest in real property identified as 610 Judith Drive, Pittsburgh, PA 15236 ("the Property"). Debtors valued the Property at $85,000.00 on Schedule A and listed a secured claim against the same on Schedule D in favor of Champion Mortgage in the amount of $57,736.80. Debtors claimed an exemption against the equity in the Property in the amount of $27,263.20.

On January 24, 2014, Debtors filed the within Motion seeking to avoid Respondents' judicial lien docketed April 8, 2013, in the Court of Common Pleas of Allegheny at GD-11-005912 for $56,538.49. Respondents filed a *Response to Debtors' Motion to Avoid Lien* challenging Debtors' valuation of the Property, the scheduled amount of the reverse mortgage against the Property, and whether Debtors were entitled to the full exemption under 11 U.S.C. §522(f)(1). On June 10, 2014, Debtors filed an amendment to their Schedule C, increasing the value of their 11 U.S.C. §522(d)(1) exemption of the Property from $27,263.20 to $47,923.00. No objections were filed to Debtors' Amended Schedule C.

Following a hearing on the Motion held June 11, 2014, this Court scheduled an evidentiary hearing for September 15, 2014. At said evidentiary hearing, the credible testimony and evidence presented to the Court established that the value of the Property as of the date of filing was $107,000.00. Additionally, at the evidentiary hearing, Respondents neither contested, nor presented any evidence to contradict, that the *amount* of the reverse mortgage against the

2

Property was $57,736.80 as of the date of filing.[2]  The parties were directed to submit post-hearing briefs which have since been filed.

Applicable Standard & Analysis

Pursuant to 11 U.S.C. §522(f)(1), a debtor may "avoid the fixing of a [judicial] lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled . . . ." A lien is considered to impair an exemption for the purposes of §522(f) to the extent that the sum of the lien;  all other liens on the property; and, "the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C. §522(f)(2)(A).

In the within matter, the parties agree that the Respondents' judicial lien is $56,538.49 and that the mortgage lien against the property in favor of Champion Mortgage was $57,736.80 as of the date of filing.  Moreover, this Court has found that the credible testimony and evidence presented at the hearing established the value of the Property as of the date of filing as $107,000.00. The last remaining variable in the above calculation is the amount of exemption to which Debtors are entitled. Per Amended Schedule C, Debtors have claimed an exemption under 11 U.S.C. §522(d)(1) in the amount of $47,923.00; however, although uncontested during the objection period, Respondents aver that Debtors' exemption should be reduced due to Debtors' conduct.

---

[2] Although Respondents did not contest that the amount outstanding on the reverse mortgage as of the date of filing was $57,736.80, at the evidentiary hearing, Respondents questioned how the debt owed to Champion Mortgage had increased to that amount from the initial draw.  However, as the Court discusses *infra*, since no preference action(s) has been filed, the issue is not properly before this Court.

3

In their response, Respondents argue that Debtors misrepresented the value of the proceeds of the reverse mortgage to Champion Mortgage and that "their failure to disclose the true amount of those proceeds to the Trustee during the Meeting of Creditors constitutes a basis for the Court to limit the value of the Debtors' exemption under Section 522(f)(1)." In making this argument, Respondents rely on the language of *Latman v. Burdette* which held, "that the bankruptcy court may equitably surcharge a debtor's statutory exemptions when reasonably necessary both to protect the integrity of the bankruptcy process and to ensure that a debtor exempts an amount no greater than what is permitted by the exemption scheme of the Bankruptcy Code." 366 F.3d 774, 786 (9th Cir. 2004), *as amended (June 8, 2004), abrogated by Law v. Siegel*, 134 S. Ct. 1188, 188 L. Ed. 2d 146 (U.S. 2014). Specifically, the *Latman* court permitted the surcharge of the debtors' §522(d)(5) "wildcard" exemption where the debtors were found to have concealed assets from the bankruptcy estate; similar to what the Respondents aver the Debtors have done herein by allegedly materially misstating the value of assets. However, this holding, and in fact *Latman v. Burdette* itself, was abrogated by the Supreme Court of the United States in *Law v. Siegel, supra*.

In *Law v. Seigel,* the Supreme Court found that the Bankruptcy Court "exceeded the limits of its authority" in surcharging the debtor's homestead exemption and further, that "*federal law* provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code." *Id.* at 1197. Respondents fail to allege that Debtors' actions fall within a specified ground pursuant to the Code. Accordingly, the Court rejects Respondents' request for surcharge of Debtors' homestead exemption and finds that the Debtors are entitled to the full value of their claimed homestead exemption of $47,923.00.

Using this figure, the Court calculates that Respondents' lien impairs the exemption as follows:

| | |
|---|---|
| Value of the Lien to be Avoided | $56,538.49 |
| All Other Liens Against the Property | $57,736.80 (Champion Mortgage) |
| + Amount of Exemption Debtors are Entitled To | $47,923.00 (11 U.S.C. §522(d)(1)) |
| | $162,198.29 |
| - Value of the Property | $107,000.00 |
| = **The Extent that the Lien Impairs the Exemption and May Be Avoided** | **$55,198.29** |

Thus, Respondents' judicial lien impairs Debtors' exemption and may be avoided in the amount of $55,198.29. The un-avoided portion of Respondents' judicial lien is $1,340.20.

| | |
|---|---|
| Amount of Respondents' Lien | $56,538.49 |
| - Amount of Lien to be Avoided | $55,198.29 |
| **Un-avoided Portion of Lien** | **$1,340.20** |

In addition to Respondents' argument that the Debtors' exemption should be surcharged, in the closing remarks of the evidentiary hearing, Counsel for Respondent indicated that he believed, based on the testimony offered at the evidentiary hearing concerning the disposition of monies received by the Debtors from the reverse mortgage, that a cause of action existed to avoid preferential payments. Debtors' Counsel responded that the only cause of action germane to this proceeding is the avoidance of lien claimed by Debtors. These positions were reiterated in the parties' respective post-hearing briefs. After review of the pleadings, this Court is in agreement with the Debtors that the only cause of action subject to adjudication herein is the Debtors' avoidance of lien claim. As no preference action has been filed, the matter is not properly before the Court. Further, Respondents fail to cite to any authority which would support their post-hearing brief's request for postponement of the determination of the Motion until any potential, but currently non-existent, preference litigation is resolved.

Conclusion

For the foregoing reasons, *Debtors' Motion to Avoid Lien* ("Motion") is granted-in-part and denied-in-part. The Motion is granted only to the extent that the Respondents' judicial lien impairs the value of Debtors' homestead exemption of the Property when said property is valued at $107,000.00. Accordingly, Debtors may avoid $55,198.29 of the Respondents' $56,538.49 judicial lien. An order consistent with this Memorandum Opinion will be entered by this Court.

Dated: November 25, 2014         /s/Carlota M. Böhm
                                 Carlota M. Böhm
                                 United States Bankruptcy Judge

**MAIL TO:**
United States Trustee
Jeffrey J. Sikirica, Esq., Trustee
Francis E. Corbett, Esq.
Jack P. Bock, III, Esq.